

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-7-2004

# Aivaliotis v. North Plainfield

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4045

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Aivaliotis v. North Plainfield" (2004). *2004 Decisions.* Paper 858.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/858

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 02-4045

STACEY AIVALIOTIS; ROBERT G. BESSER; CHRIS BOND; EDWARD C. CIEMPOLA; GERARD CLYNE; FRANK N. D'AMORE; ROBERT DEBBIE; JOSEPH DEPAOLO; DANNY DOMINGUEZ; MICHAEL S. FAHS; TOMASZ K. FLOREK; RUSSELL FLYNN; ERIC FOWLER; CARL E. GAEBEL; JAMES GARAFALO; MICHAEL D. GARCIA; ANTHONY HOOFATT; MICHAEL A. INNELLA; NORMAN P. JENKINS; DENNIS P. KARDOS, II; KERRY KOHLER; ROBERT KROPEWNICKI; ALEX KUGA; BOB KURZ,; JOSEPH A. MACK; ROBERT MATTERA; ALAN F. MCKAY; MARK T. MESSINGER; MARK MONAHAN; J. RYAN MOTE; GENE SEGEDA; ALEXANDER A. SHEGELSKI, JR.; EDWARD W. SINKER; WILLIAM K. SPECK; JOSEPH STOPINSKI; BRIAN A. TUFARO; BRIAN ROSKO; MICHAEL C. WEBER; THEODORE C. YURGEL
Appellants

v.

BOROUGH OF NORTH PLAINFIELD

On Appeal from the United States District Court
for the District of New Jersey
District Judge: The Honorable Mary L. Cooper
(D.C. No. 00-cv-5598)
_____
Submitted pursuant to Third Circuit LAR 34.1(a)
on March 23, 2004

Before: FUENTES, SMITH and GIBSON, *Circuit Judges**

(Filed:        April 7, 2004       )
_____

* The Honorable John R. Gibson, Senior Circuit Judge for the United States Court of Appeals for Eighth Circuit, sitting by designation.

OPINION OF THE COURT

SMITH, *Circuit Judge.*

Appellants, current or former police officers employed on a salary basis by the North Plainfield Police Department (the "Officers"), sued the Borough of North Plainfield (the "Borough") under the Fair Labor Standards Act, 29 U.S.C. § 207(a)(1), to recover compensation for overtime which was allegedly never paid due to an anomaly in the Gregorian calendar. The Officers claim that they are owed an additional paycheck for unpaid hours which accrued over an 11-year period. The District Court granted summary judgment to the Borough and denied the Officers' cross motion for summary judgment, stating, "[t]he plaintiffs have not stated a legal basis on which to base their claim." Dist. Ct. Mem. & Order, Sept. 26, 2002 at 5. Because we agree that the Officers have no legal support for their claim, we will affirm.

I.

This Court exercises plenary review of the District Court's decision to grant summary judgment. *Curley v. Klem*, 298 F.3d 271, 276-77 (3d Cir. 2002). We apply the same test employed by the District Court under Federal Rule of Civil Procedure 56(c) and will affirm only if it appears "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In evaluating the evidence, we, like the District Court, are required "to view the inferences to be drawn from the underlying facts in the light most favorable to the party opposing the motion." *Curley*,

298 F.3d at 276-77 (quoting *Bartnicki v. Vopper*, 200 F.3d 109, 114 (3d Cir. 1999)).


II.

Because we write only for the parties, and the background of this case is set forth in detail in the District Court's Memorandum and Order, we revisit the factual basis of the action only briefly. Counsel for the Officers explained at oral argument before the District Court that, "[d]ue to a quirk in the American Calendar, every four years there are three days of work that they have not been compensated for. Every 11 years that winds up being a full pay period." Counsel further explained that "pay period" refers to two weeks of salary.

The Officers are salaried employees, pursuant to the Collective Bargaining Agreement ("CBA") entered into by the Borough and North Plainfield PBA Local No. 85 in 1997. Article X and Appendix A of the CBA establish that the Officers are paid based on their work experience, and the agreement does not provide for this calendar quirk. Article XI of the CBA addresses the payment of overtime, and defines it as "any time worked in excess of eleven (11) hours in any twenty-four (24) hour period or forty-four (44) hours in one (1) 4 X 4 block . . . ." The agreement makes no provision for accruing overtime on an annual basis.

Though counsel for the Officers conceded at argument before the District Court that "there is no case directly on point," they rely on a past payment by the Borough which compensated them for this so-called calendar quirk in a previous 11-year cycle as support for

their claim in this case. As the Borough points out, however, that payment was a one-time payment which was neither provided for in the CBA applicable at that time nor the result of litigation. The Borough further notes that even the latest CBA, which was reached subsequent to that payment, does not account for the calendar quirk at issue.

The Borough argues, we believe correctly, that the parties bargained for their salary arrangement and did not provide for additional, cumulative payouts to compensate for any calendar quirk. We agree with the District Court that because the Officers are unable to point to any legal support for their claim, it must fail. We are unaware of, and the Officers have not cited, any case or statute which would support their theory of accumulated overtime payments due as a result of this calendar anomaly. Because we conclude that the Officers' claim must fail because of a lack of any legal support for their theory, we do not reach the question of whether the statute of limitations would apply to their claim under the Fair Labor Standards Act. We will therefore affirm the decision of the District Court granting summary judgment to the Borough.